# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

LAURIE L. SWEET,

        Plaintiff,

   v.                                           Case No. 05-CV-0779

CORPORATE RECEIVABLES, INC.,

        Defendant.

_____

## ORDER

The plaintiff, Laurie L. Sweet ("Sweet"), and the defendant, Corporate Receivables, Inc. ("Corporate Receivables") reached a settlement agreement and filed for a stipulated judgment on the plaintiff's claims filed under the Fair Debt Collection Practices Act ("FDCPA"). The court entered judgment on December 5, 2007, and awarded Sweet $1,000 in damages plus reasonable attorneys' fees and costs. Sweet now moves for an extension on the filing of her motion for attorneys' fees and moves for attorneys' fees and costs totaling $42,626.69. The court grants the extension and grants the motion for attorneys' fees and costs, in part.

Sweet initially filed her complaint on July 21, 2005, asserting claims on behalf of a class of Wisconsin residents receiving a specific debt collection letter. On January 5, 2007, Corporate Receivables made a Rule 68 offer of judgment for $1,000 plus attorneys' fees and costs. Sweet did not accept this offer, but rather filed a motion for class certification on January 17, 2007, before the expiration of the offer.

On May 10, 2007, Corporate Receivables filed a supplemental brief in support of its previously filed motion to dismiss, asserting Sweet's lack of standing. Following Sweet's failure to file a response to this argument, the court dismissed her complaint for lack of subject matter jurisdiction on July 31, 2007. The court also dismissed Sweet's motion for class certification as moot. In response, Sweet filed a motion for reconsideration pursuant to Rule 59(e). The court granted the motion and reinstated her claim in an order dated October 3, 2007. The parties then reached a settlement agreement on Sweet's individual claim and stipulated to judgment on the determination of attorneys' fees and costs. The stipulated judgment was entered on December 5, 2007. On January 5, 2008, Sweet filed for an extension on her motion for attorneys' fees, while simultaneously filing for attorneys' fees.

Sweet requests that she be granted an extension on her motion for attorneys' fees and costs until January 5, 2007, the date that she filed the motion. The deadline for Sweet's motion occurred 14 days after entry of her stipulated judgment on December 5, 2007. Fed. R. Civ. P. 54(d)(2)(B). However, the court may grant an extension to a party if failure to meet the deadline was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The existence of "excusable neglect" is an equitable determination involving all relevant circumstances surrounding the missed deadline. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Excusable neglect" may even incorporate attorney negligence. *See Robb v.*

*Norfolk & Western Ry. Co.*, 122 F.3d 354, 361 (7th Cir. 1997).  Sweet's failure to meet the filing deadline constitutes excusable neglect due to the timing of the deadline over the holidays and the brief nature of the delay.  In addition, Corporate Receivables does not object to Sweet's motion for an extension.  Therefore, the court will grant an extension.

In addition to her motion for an extension, Sweet also requests an award of $42,626.69 in attorneys' fees and costs.  However, Corporate Receivables objects to Sweet's calculations and proposes an award of $4,456.05.  Corporate Receivables urges the court to reduce the attorneys' fees due to unreasonable hourly rates and excessive and redundant hours.  In particular, Corporate Receivables urges the court to disallow all fees incurred after it extended an offer of judgment on January 5, 2007, reducing the award by 80%.  Corporate Receivables argues that  Sweet obtained the same end result that she would have obtained by accepting the offer; the $1,000 statutory maximum plus fees and costs. Therefore, all attorney hours incurred after the offer was made are unreasonable. The defendant asserts that the Offer of Judgment moots any class action claims because Sweet had not yet filed to certify the class.  In contrast, Sweet denies that the class action claims were moot because she filed a motion to certify the class before the expiration of the offer.  Corporate Receivables also urges the court to disallow costs for attorney travel as unrecoverable under 28 U.S.C. § 1920.  Finally, Corporate Receivables argues that the fee award be reduced because Sweet only achieved "limited success" on her suit.

Section 1692k(a)(3) of the Fair Debt Collection Practices Act provides that a prevailing plaintiff is entitled to recover the costs of the action, together with reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a)(3). The language of the FDCPA makes an award of attorney's fees mandatory in favor of a prevailing plaintiff. *Mace v. Van Ru Credit Corp*., 109 F.3d 338, 344 n.3 (7th Cir. 1997). Sweet is the prevailing plaintiff because she obtained a judgment for the FDCPA statutory maximum.

The basis for a determination of attorneys' fees is the "lodestar," the reasonable hourly market rate for legal services multiplied by the number of hours reasonably expended on the issue. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). However, the court excludes from its calculation any hours not "reasonably expended." *Id.* at 434. Corporate Receivables argues that any fees incurred after January 5, 2007, the date of the Offer of Judgment, are hours not "reasonably expended" and should be automatically excluded. This court disagrees.

Though Corporate Receivables made an offer of judgment on Sweet's individual claim, she possessed class action claims that had yet to be litigated. Sweet filed a motion for class certification prior to the expiration of Corporate Receivables' Offer of Judgment. Though Corporate Receivables asserts that its offer moots Sweet's action, this is not the case. A defendant's offer satisfying the plaintiff's claim does not moot the plaintiff's action "so long as a motion for class certification has been made and not ruled on." *Primax Recoveries, Inc. v. Sevilla,* 324 F.3d 544, 546-47 (7th Cir. 2003). This court agrees with other district courts that

Case 2:05-cv-00779-JPS   Filed 07/29/08   Page 4 of 9   Document 55

a motion for class certification filed before expiration of an offer of judgment invalidates the offer of judgment and protects a plaintiff's action from mootness. *See Giblin v. Revenue Production Management, Inc.,* 2008 WL 780627 at *2-3 (N.D.Ill. Mar. 24, 2008); *W. Ry. Devices Corp. v. Lusida Rubber Prods., Inc.,* 2006 WL 1697119, at *3 (N.D.Ill. June 13, 2006); *Wilson v. Collecto, Inc.,* 2003 WL 22299022, at *2 (N.D.Ill. Oct. 6, 2003); *Asch v. Teller, Levit & Silvertrust, P.C.,* 200 F.R.D. 399, 400 (N.D.Ill. Oct. 26, 2000). Therefore, Sweet's pursuit of her claims following the Offer of Judgment was reasonable and all subsequent hours should not be automatically excluded from the lodestar.

Corporate Receivables also argues that the hourly rate proposed by Sweet is unreasonable; however, this court disagrees. Corporate Receivables proposes the use of $164 per hour and $151 per hour as the applicable hourly rates for the fee calculations. The defendant bases these rates on the 2005 State Bar of Wisconsin's "Economics of Law Practice in Wisconsin" survey of attorneys practicing consumer law in the state. However, this evidence of market rates is unhelpful because it represents the average of the billing rates of only six attorney respondents. In opposition, Sweet notes that the court approved the same or nearly identical hourly rates for her counsel in *Rezutek v. Cavalry Portfolio Services, LLC and Cavalry SPVI, LLC,* No. 07-CV-159 (E.D. Wis. Nov. 8, 2007) and *Waliszewski v. Amsher Collection Services, Inc.*, Case No. 05-CV-942 (E.D. Wis. Nov. 9, 2006); two other FDCPA suits ultimately reaching individual conclusion. Corporate Receivables' objection to counsel's proposed rate lacks merit. The hourly rates are consistent

with prior awards in this district under the FDCPA. Therefore, Sweet sufficiently establishes a reasonable market rate for attorneys' services.

Corporate Receivables further argues that specific hours claimed by Sweet's counsel are redundant and excessive. Specifically, the defendant disputes hours billed for the following: travel to Phoenix for depositions, drafting two versions of a subpoena, drafting documents never used in furtherance of the litigation, drafting and research applicable to an issue counsel simultaneously litigated in a separate case, excessive time for preparing a fee petition, and unnecessary use of partner hours. This court finds no merit to the defendant's assertions regarding redundant time and inefficiencies in attorney work. A "district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation,'" and it is not sufficient for the district court to "express general concerns accompanied by seemingly arbitrary cuts in billable hours." *Hutchinson v. Amateur Electronic Supply*, Inc., 42 F.3d 1037, 1048 (7th Cir. 1994) (quoting *Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992)). In addition, reasonable attorneys' fees presumptively include reasonable travel time billed at the same hourly rate as the lawyer's normal working time. *Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984). Therefore, the court will not reduce the lodestar amount for redundancy or excessiveness.

Corporate Receivables also argues that counsel's travel expenses are not recoverable costs. This court agrees. Attorneys' traveling expenses incurred in attending depositions and expenses incurred in making investigations are not

recoverable as costs. *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975). Therefore, this court reduces the award by $439.86 for travel expenses related to the depositions.

Finally, Corporate Receivables argues that Sweet's fees should be reduced due to the "partial success" of the ultimate judgment she obtained on her individual claim but not on her class action claims. The defendant asserts that if Sweet's pursuit of her class action claims after the Offer of Judgment prevents the subsequent hours from exclusion as "unreasonably expended," then it follows that her ultimate judgment on the individual claim is a "partial success." The court agrees and will reduce the award by $9,450.

Sweet's ultimate $1,000 judgment was available to her months earlier by accepting Corporate Receivables' Offer of Judgment. She did not accept the defendant's offer, but ultimately settled for the same amount. Meanwhile, she incurred an additional $30,000 in attorneys' fees. The reason these additional hours are not "unreasonably expended" is the filing of Sweet's motion for class certification, which suspended the Offer of Judgment. However, Sweet did not prevail on her class action claims. Indeed, she never achieved class certification. Admittedly, the court never ruled on the motion due to the initial dismissal of Sweet's case. Regardless, Sweet settled only her individual claim, thereby achieving only partial success. As a result, the court will reduce Sweet's final award of attorneys' fees to account for her partial success.

The product of hours reasonably expended on the litigation times a reasonable hourly rate may be an excessive amount when a plaintiff only achieves partial or limited success. *Hensley,* 461 U.S. at 436. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* In calculating an award, the court must determine "whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.*

The court may adjust an award to account for partial success by reducing the overall award or identifying specific hours to be eliminated. *Spellan v. Board of Educ.,* 59 F.3d 642, 646 (7th Cir. 1995). This court will reduce Sweet's overall award by specifying hours particularly related to her class action claims that Sweet incurred after the January 5, 2007 Offer of Judgment because she did not achieve "success" on these claims. The exclusions total $9,450 and include hours for class certification and depositions between January 9, 2007, and January 25, 2007, as well as hours relating to discovery and depositions between May 2, 2007, and May 11, 2007. The court will not exclude hours related to Sweet's response to the defendant's motion to dismiss, her 59(e) motion for consideration, and other matters related to the ultimate success of her stipulated judgment.

In light of the foregoing, Sweet's motion for an extension and attorneys' fees will be granted in part. The court will award Sweet her expenses in the amount of $1,279.14 and attorneys' fees in the amount of $30,922.69, for a total of $32,201.83.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to extend the deadline and for attorneys' fees (Docket #49) be and the same is hereby **GRANTED** in part; the defendants shall pay the plaintiff's attorneys' fees and costs in the amount of $32,201.83.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge